# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>JASON PAUL CASHMAN and<br>DENISE LEHUANANI CASHMAN,<br><br>    Debtors. | Case No. 11-00178<br>Chapter 13<br><br>Re: Docket Nos. 4, 21, 22 |

## MEMORANDUM OF DECISION
## ON CHAPTER 13 PLAN CONFIRMATION

This case presents the question of whether a chapter 13 plan may treat as a secured claim a debt which is secured by property owned by the debtors and others, but for which the debtors are not personally liable. I conclude that this treatment is permissible.

Jason and Denise Cashman, the debtors in this chapter 13 case, own two cars jointly with Ms. Cashman's parents. Each vehicle is subject to a purchase money security interest in favor of Hawaii State Federal Credit Union ("HSFCU") which secure loans to the parents. The debtors signed the loan documents as co-owners of the cars, but not as borrowers. HSFCU acknowledges that the debtors are not personally liable for the auto loans.

According to the schedules, the debtors have about $160,000 of unsecured debt. HSFCU holds the majority of this debt. HSFCU's claims against the debtor

arise out of a personal loan, credit cards, and the unpaid balance of auto loans for two other vehicles which the debtors surrendered some months prior to the bankruptcy filing.

Under the debtors' proposed chapter 13 plan (docket no. 4), the debtors would continue to make the monthly payments for the cars (totaling about $831 per month plus insurance) directly to HSFCU and would pay $330 per month for 60 months to the trustee for distribution to other creditors. The debtors estimate that unsecured creditors would recover about 6% of their allowed claims.

HSFCU raises two objections to the plan.

First, HSFCU argues that the debtors should not be allowed to make the auto loan payments because they are not legally obligated to make those payments and because doing so diminishes the distribution to unsecured creditors, including HSFCU.[1]  I disagree with this argument for two reasons.

First, even though the debtors are not personally liable for the auto loans, the auto loans are secured by the debtors' interest in the vehicles, and this interest is property of the estate. An obligation which is secured by property of the estate

---

[1] At first blush, it seems odd that HSFCU objects to the auto loan payments, since HSFCU is the auto lender that would receive those payments. HSFCU believes, however, that Ms. Cashman's parents should make the auto loan payments, freeing up more of the debtors' money for HSFCU's unsecured claims.

2

is a "claim" against the estate even if the debtor is not personally liable for the obligation. 11 U.S.C. § 102(2); Johnson v. Home State Bank, 501 U.S. 78, 86-87 (1991). Therefore, the plan may include the proposed payments on the auto loans.

Second, chapter 13 plan payments are based on the debtor's income "less amounts reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . . ." 11 U.S.C. § 1325(b)(2). A car (or two cars in the case of most families) is reasonably necessary for most debtors in the modern world. Therefore, car payments almost always constitute reasonably necessary expenses. An expense can be "reasonably necessary" for the debtor's support even if the debtor has no legal liability for the expense and the expense is paid to someone that has no legal recourse against the debtor.

HSFCU's second argument (made orally at the plan confirmation hearing) is based on the fact that, not long before the bankruptcy filing, the debtors surrendered two cars which secured loans from HSFCU. Those cars were worth less than the balance of the HSFCU loans, leaving HSFCU with sizable deficiency claims. Then, the debtors and Ms. Cashman's parents acquired two new cars. About eight months later, the debtors filed their chapter 13 petition. The basis of this objection must be the good faith requirement of section 1325(b)(3).

Good faith depends on the totality of the circumstances. Goeb v. Heid (In re

3

Goeb), 675 F.2d 1386, 1390 (9th Cir. 1982). In this case, I find that the plan was proposed in good faith. It appears that the debtors owned two cars, financed by HSFCU, but surrendered them, surely because they could not afford the payments. Because they need two vehicles to get to work and maintain their household, they enlisted the help of Ms. Cashman's parents. HSFCU agreed to extend financing to the parents; HSFCU knew that the debtors were co-owners of the new cars (because the debtors signed the loan documents in that role) and knew that the debtors had large unpaid debts to HSFCU, but HSFCU proceeded nonetheless. There is no evidence that the debtors "traded up" to luxurious or unreasonably expensive vehicles on the eve of bankruptcy. To the contrary, the payments on the auto loans are relatively modest and less than the applicable IRS standards.

   The debtors have also filed motions to fix the value of the two cars (docket nos. 21 and 22). The motions indicate that their purpose is to eliminate any security interest of HSFCU in the vehicles other than the auto loans themselves. HSFCU contends that this motion is unnecessary. HSFCU interprets the loan documents to provide that the vehicles also secure any other loans HSFCU may make to the borrowers, i.e., Ms. Cashman's parents. I will grant the motion in order to eliminate any doubt that HSFCU's other claims against the debtors, including the credit cards and personal loan, are not secured by the vehicles and to

4

make it clear, for the benefit of the trustee's administration of the case, that those other claims are unsecured claims.

For these reasons, HSFCU's objections to the plan and the motions to value collateral are overruled, the plan is confirmed, and the motions to value collateral are granted. The trustee and the debtors' counsel are directed to submit appropriate orders.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 04/25/2011

5

U.S. Bankruptcy Court - Hawaii   #11-00178   Dkt # 34   Filed 04/25/11   Page 5 of 5